# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| PAMELA HONEGGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | JURY DEMANDED |
| POWDER COTE II, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes the Plaintiff, Pamela Honegger, by and through Counsel, and for her cause of action against Powder Cote II, LLC, would respectfully show the following:

1. The Plaintiff is a citizen and resident of Jacksboro, Tennessee, located in Campbell County, Tennessee.

2. The Defendant Powder Cote II, LLC ("Powder Cote"), is a Tennessee Limited Liability Company that operates a facility engaged in powder and electrocoating finishing and assembly. Its Tennessee office is located at 193 Frank L. Diggs Drive, Suite 300, Clinton, TN 37716. Its principal office is located at 50 N. Rose Street, Mount Clements, Michigan. It may be served with process through its registered agent, CT Corporation System, Suite 2021, 800 Gay Street, Knoxville, TN 37929-9710.

3. This is an action to recover for unlawful discrimination, harassment, and retaliatory discharge against the Plaintiff due to her sex, female, and due to her engaging in protected activity by filing a complaint of sexual harassment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. This Court has jurisdiction under 42 U.S.C. §2000e(f), as well as 28 U.S.C. §1331 and 1343.

4. The Plaintiff began her employment with Powder Cote on November 24, 2010, and she worked as a racker and packer at Powder Cote's plant in Clinton, Tennessee.

5. From the beginning of her employment, she began being sexually harassed by a co-worker named Jesus (who goes by the name "Chewie"). Ms. Honegger does not know his last name.

6. Jesus would follow Ms. Honegger around the plant and make suggestive comments to her that made her uncomfortable. For example, he would tell Ms. Honegger that she needed to go to his apartment, that she needed another baby, and that she needed to have his baby. Jesus would also try to take his break at the same time as Ms. Honegger, and one time, he got in her car while she was in it, grabbed her face, and tried to kiss her. Ms. Honegger always repudiated these advances and instructed Jesus to stop.

7. Ms. Honegger made several complaints about Jesus' behavior to her supervisor, Richard. Richard's response was to simply laugh and move on.

8. On one occasion, Ms. Honegger went into the lunchroom, and Jesus came in and grabbed her and rubbed his groin on her leg. She again complained to Richard, but nothing was done. On another occasion, Ms. Honegger was in the break room, and Jesus grabbed her from behind and slobbered in her neck. On yet another occasion, in June or July of 2011, Ms. Honegger was hanging up parts with a co-worker, and Jesus pulled a condom out of his pocket, looked at Ms. Honegger, and made a sexual gesture. After this incident, Ms. Honegger made a written and verbal complaint to Kay, the plant manager. Kay called Richard into the office, and Richard said that Jesus simply pulled the condom out of his pocket and that Richard told him to put it back. Upon information and belief, nothing happened to Jesus. Richard specifically said

that he did not want Jesus fired.  When Ms. Honegger went to retrieve her belongings later that day, Richard was telling everyone what had happened.

9. After Ms. Honegger filed the written complaint against Jesus, management began singling her out and treating her differently.  For example, Ms. Honegger used to get overtime and weekend work, but after she filed the complaint, she did not get any more overtime or weekend work.  The managers began to complain that she was using the bathroom too frequently.  At one point, Christy, one of the plant supervisors, followed Ms. Honegger to the bathroom to tell her that she was using the bathroom too much.

10. On August 3, 2011, Ms. Honegger went to the bathroom one time between 12:30 and 5:30, and Kay went into the office and called Ms. Honegger on the loudspeaker while Ms. Honegger was in the bathroom.  Kay then instructed Ms. Honegger that she was to stay in her work area.

11. The following day, August 4, 2011, Ms. Honegger was working on a product called pivots.  She had to install plugs in the pivots in order for them to be painted.  She was never given enough plus to do her job. On August 4, Ms. Honegger was having to put the plugs in every other pivot instead of every pivot because she was short on plugs.  If she had put all the plugs in every pivot, she would not have made quota for the day because of being short on plugs.  When Kay saw what Ms. Honegger had done, she fired her on the spot.  Ms. Honegger apologized, explained that she had not been given enough plugs, and went back to try to plug in every pivot, but Kay told her that she was terminated.

12. On or about October 17, 2011, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  A copy of that charge is attached as <u>Exhibit A.</u>

13. On May 9, 2012, the Equal Employment Opportunity Commission issued a Notice of Right to Sue. The Plaintiff received the Notice on May 12, 2012. A copy of the Notice of Right to Sue is attached as <u>Exhibit B.</u>

14. The Plaintiff, a member of a protected class, was subjected to unwelcome sexual harassment by Jesus, her co-worker. This harassment was based on the Plaintiff's sex, female. The harassment created a hostile, offensive, or intimidating work environment that was severe and pervasive. The Plaintiff reported the harassment to her supervisor and the plant manager, but nothing was done to correct the harassment. Thus, the Defendants knew of the charged harassment but failed unreasonably to take prompt and corrective action.

15. The Defendants' failure to appropriately respond to the Plaintiff's complaints, thereby allowing the hostile environment to continue, was reckless.

16. The Plaintiff engaged in protected activity by making a complaint of sexual harassment against a co-worker. Within a few weeks after the Plaintiff made a written complaint of the harassment, the Plaintiff was terminated. The Plaintiff was terminated in retaliation for having engaged in protected activity, i.e., for having filed a complaint of discrimination. The Defendant's proffered reason for terminating the Plaintiff was pretext.

17. The Defendant's wrongful termination of the Plaintiff in retaliation for having engaged in protected activity by filing a complaint of sexual harassment was intentional, reckless, and malicious.

18. The Defendant's actions of allowing the Plaintiff to be subjected to unwelcome sexual harassment, failing to promptly address the Plaintiff's complaints of unwelcome sexual harassment and take corrective action, and wrongful termination of the Plaintiff in retaliation for the Plaintiff having filed a complaint of sexual harassment, constitute unlawful discrimination,

harassment, and retaliatory discharge against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*.

PREMISES CONSIDERED, the Plaintiff prays:

1. That process be issued and served upon the Defendants requiring them to answer within the time proscribed by law;

2. That a jury of twelve be empaneled to hear this action;

3. That, following a trial of this matter, judgment be entered for the Plaintiff on her claims of sex discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, enjoining the Defendant from engaging in such unlawful employment practices and awarding the Plaintiff compensatory damages, including but not limited to damages for lost wages, lost benefits, lost interest on wages and benefits, emotional distress, embarrassment, humiliation, and other incidental and consequential damages and expenses in the amount of $500,000.00, and punitive damages in the amount of $500,000.00 pursuant to 42 U.S.C. §1981a, together with such equitable relief as the Court deems appropriate;

4. That the Plaintiff be awarded all costs associated with the prosecution of this action, including a reasonable attorney's fee, expert fees, and expenses in accordance with 42 U.S.C. §2000e-5(k); and

5. That the Plaintiff be awarded such further and general relief as the equities of this cause may require and the Court may deem just and proper.

*/s/ Kristi M. Davis*
KRISTI M. DAVIS (#019487)
Attorney for the Plaintiff
Hodges, Doughty & Carson, PLLC
P.O. Box 869
Knoxville, TN 37901-0869
(865) 292-2307
(865) 292-2321 [facsimile]
kdavis@hdclaw.com

**COST BOND**

   We hereby acknowledge and bind ourselves for the prosecution of this action and payment of all non-discretionary costs in this Court, which may at any time be adjudged against the plaintiff/petitioner in the event the plaintiff/petitioner shall not pay them. Witness My Hand this 7th day of August, 2012.

*/s/ Kristi M. Davis, its Member*
HODGES, DOUGHTY & CARSON, SURETY
617 W. Main Street
P.O. Box 869
Knoxville, TN 37901-0869
(865) 292-2307